[Crim. No. 4636. In Bank. July 5, 1946.]

In re ROY G. WARD, on Habeas Corpus.

Roy G. Ward, in pro. per., and Ward Sullivan for Petitioner.

Robert W. Kenny, Attorney General, and Henry A. Dietz and David K. Lener, Deputies Attorney General, for Respondent.

GIBSON, C. J.—Petitioner was convicted in Los Angeles County in 1937 of issuing a check without sufficient funds, and having admitted two prior convictions of felony as charged, he was sentenced as an habitual criminal.

He seeks his discharge on habeas corpus upon the ground that he has discovered that the person who represented him on the trial had not been admitted to practice law in this state. As a second ground he urges that one of the two prior convictions does not come within the purview of section 644, Penal Code, and will not therefore support his sentence as an habitual criminal.

In order to ascertain the facts relative to the appointment and status of the person who represented petitioner upon his

trial, a reference was ordered and Judge W. Turney Fox of the Superior Court of Los Angeles County was appointed referee to take evidence and submit findings.

Petitioner testified before the referee that he was not represented by counsel upon his preliminary hearing in the municipal court nor upon his arraignment for plea in the superior court before Judge Charles W. Fricke. He testified further that when he came on for trial he told Clifford Crail, the prosecuting officer, he would like a continuance in order to employ an attorney; that Crail then introduced R. McCurdy, who was in the courtroom, to petitioner, representing him to be an attorney; and at the same time Judge Frank M. Smith, who was presiding, stated in open court that he had known McCurdy for years and thereupon, with the consent of petitioner, appointed McCurdy to represent him as his attorney.

Judge Smith testified that he did not know a person by the name of R. McCurdy and that the only attorney he knew named McCurdy was J. Edward McCurdy, who testified before the referee that he did not represent petitioner. Judge Smith further testified that because of the intervening years he had no recollection of either petitioner or of his trial and therefore could not recall how petitioner had procured his counsel.

Mr. Crail denied that he had introduced McCurdy to petitioner and stated he never recommended defense counsel to persons being prosecuted by him.

The minutes of petitioner's arraignment for plea before Judge Fricke disclose that he was present, "with his counsel Richard McCurdy," thus refuting petitioner's testimony that he first acquired McCurdy as his attorney upon his trial and under appointment by Judge Smith.

The records of The State Bar disclose that no person named R. McCurdy or Richard McCurdy had been admitted to practice law in this state and an extensive investigation by the office of the attorney general likewise failed to reveal the person who had appeared on behalf of petitioner.

The referee has found and reported as follows:

## I

"That upon the arraignment of petitioner on September 1, 1937, before Judge Charles W. Fricke on information No. 69101, petitioner herein according to the clerk's record in said court was present 'with his counsel, Richard McCurdy.'

## II

"That upon the trial of the defendant on said information by Judge Frank M. Smith (a jury trial having been waived) on October 1, 1937, the clerk's record shows that defendant was present 'with his counsel, R. McCurdy.'

## III

"That on October 1, 1937, no person by the name of Richard McCurdy or R. McCurdy was admitted to practice law in the state of California.

## IV

"That some person purported to represent the petitioner herein at the trial of said criminal case before Judge Frank M. Smith, on October 1, 1937.

## V

"That the identity of the individual purporting to represent petitioner herein at the aforesaid trial has not been ascertained, although diligent effort has been made by both counsel for petitioner and the Attorney General's office to ascertain the same.

## VI

"That the referee is therefore unable to determine whether or not the person purporting to represent the petitioner herein at the aforesaid trial was or was not duly admitted to practice law in the courts of this state at the time of said trial.

## VII

"That the person purporting to represent the petitioner at the trial of said criminal case on October 1, 1937 *was not appointed by the Superior Court but said person was employed by petitioner.*" (Italics added.)

██ The findings are clearly supported by the evidence. Petitioner's testimony to the effect that he was introduced to McCurdy at the beginning of his trial by the prosecutor who represented him to be an attorney, thereby assertedly inducing petitioner to accept McCurdy as counsel under court appointment, is refuted by other testimony in the record and by the court minutes of petitioner's arraignment for plea. The record discloses that when petitioner appeared before Judge Fricke he did so "with his counsel Richard McCurdy" and there is no evidence that at that time any representations

had been made to petitioner with respect to McCurdy's status or that McCurdy was acting under appointment of the court. The evidence and findings reveal that upon his trial petitioner was represented by a person of his own choosing and he must, therefore, abide the results of his selection of a representative.

Nor do we find any merit in petitioner's second contention that the admitted prior conviction of "Larceny of Auto" committed in Wisconsin in 1928 will not, together with the admitted prior burglary conviction in this state in 1932, support the judgment sentencing him as an habitual criminal. In our consideration of this contention we will assume, without deciding, that habeas corpus is available for the purpose of now determining whether one of the prior felony convictions admitted by petitioner some nine years ago supports the habitual criminal adjudication.

The attorney general has furnished us with a copy of the Information filed against petitioner in the Circuit Court of Grant County, Wisconsin, on July 31, 1928, charging that he did "take, steal and carry away" an automobile of the value of $250. In addition, a certificate of the clerk of the Wisconsin court indicates that petitioner entered a plea of guilty to the charged crime and was sentenced to imprisonment in the state prison. Prior to petitioner's conviction in Wisconsin, section 487 of our Penal Code was amended (1927) to include an automobile, regardless of value, as the subject of grand theft. Thus, at the time of petitioner's conviction thereof in 1928, the larceny or theft of an automobile was a felony both in Wisconsin and in this state. And both at that time and when petitioner was adjudicated an habitual criminal in 1937, such offense was included within section 644 of the Penal Code, the habitual criminal law of this state.

The writ is discharged and petitioner is remanded to custody.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.